# Flickinger *versus* Huber.

The execution of a prior judgment-creditor will be stayed, on the petition of a subsequent mechanics' lien creditor, until the curtilage appurtenant to the building has been set out, under the Act 16th June 1836.

ERROR to the Common Pleas of *Cumberland county*.

On the 10th March 1856, John Flickinger obtained a judgment against Peter Huber for $1850, which became a lien upon a tract of land, on Yellow Breeches Creek, containing 19 acres, with a house, barn, and old woollen factory thereon erected, then owned by the defendant.

The defendant subsequently sold the premises to Moses Bowers, who rebuilt the woollen factory in 1857; and against this various mechanic's liens were filed, amounting to $850.

Flickinger issued a *fieri facias* upon his judgment, to January Term 1858, which was levied upon the tract of land in question; an inquisition was held, and the property condemned.

Jacob G. Landis, one of the mechanics' lien creditors of Moses Bowers, thereupon presented a petition to the court below, praying

[Flickinger *v.* Huber.]

the court to stay "further proceedings upon the judgment of John Flickinger, until a designation of the boundaries of the lot, or curtilage which ought to be appurtenant to the said building, shall be made, in the manner provided for in the Act of Assembly of the 16th of June 1836."

The court below granted the prayer of the petition, and appointed commissioners to set out the boundaries of the curtilage necessary for the factory; and directed proceedings to stay on the plaintiff's execution in the mean time. The plaintiff thereupon sued out this writ, and here assigned the same for error.

*Watts* and *Parker,* for the plaintiff in error.

The opinion of the court was delivered by

LOWRIE, C. J.—It seems to us that the mechanics' lien law of 1836, in providing for setting off and selling, as a separate tenement, the portion of land that is charged with a mechanic's lien, while there are other liens on the whole, is simply declaratory of a well known principle of equity, and directory of the means of giving it effect in this special class of cases. The principle is clearly stated in Mevey's Appeal, 4 *State R.* 80, and we need not repeat it.

It is no violation of the rights of a suitor, that he is subject to some delays in carrying out the principle; for more or less delay is necessarily incident to every proceeding, that is not left to the mere will of a single party. When the intervention of the court is required, it can be had only after inquiry and deliberation in the usual way. It is plain equity, that the mortgagee shall not use his process to the injury of the mechanics' lien creditor; and it does not seem to us, that the law requires that the land should be sold in parcels, if that would be injurious to the mortgagee as a creditor or to the defendant. Even after the portion charged with the mechanic's lien has been set off, the court may allow the whole to be sold as one, if it be made to appear that, in that way, it will bring a higher price.

Proceedings affirmed.